NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ALIN SARBU, et al., *Plaintiffs/Appellants,*

*v.*

DAVID VERTULLO, *Defendant/Appellee,*

*and*

JOSEPH CAPLAN, et al., *Defendants/Appellees.*

No. 1 CA-CV 24-0707

FILED 10-22-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2019-006073
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

---

COUNSEL

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Counsel for Plaintiffs/Appellants*

J. Goodwin Law, PLLC, Buckeye
By James C. Goodwin
*Counsel for Defendant/Appellee Vertullo*

Quintairos Prieto Wood & Boyer, PA, Scottsdale
By Anthony J. Fernandez, Michael F. Tamm
*Co-Counsel for Defendants/Appellees Caplan and Haas*

Jones Skelton & Hochuli, PLC
By Rita J. Bustos
*Co-Counsel for Defendants/Appellees Caplan and Haas*

———————————————

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

———————————————

**W E I N Z W E I G**, Vice Chief Judge:

¶1            Plaintiff Alin Sarbu, the personal representative of Mihai Sarbu's estate, appeals from a final judgment and the superior court's denial of his motion for a new trial.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Mihai died two weeks after he had a scheduled surgery to replace the battery in his pacemaker.  Alin was appointed Mihai's personal representative and sued all medical groups, doctors and nurses who worked on the surgery, including Arizona Heart Anesthesia, PLLC (the "Anesthesia Group"), and Dr. David Vertullo, the supervising anesthesiologist and an independent contractor of the Anesthesia Group.

¶3            In January 2021, Alin settled with the medical group defendants, including the Anesthesia Group.  Under the settlement agreement, Alin "release[d] and forever discharge[d]" Mihai's claims against three named physicians, the medical group defendants and the "agents, employees and contractors" of the medical group defendants.

¶4            Based on that language, Vertullo later moved to enforce the settlement agreement in August 2023 as a third-party beneficiary.  He argued the superior court must dismiss all claims against him individually because he was an independent contractor of the Anesthesia Group and thus an intended third-party beneficiary of the settlement agreement.

2

¶5        Alin countered that he never intended to designate Vertullo as a third-party beneficiary to the settlement agreement. To support that argument, he offered an email from his attorney to opposing counsel, sent during negotiations, in which Alin's attorney asked that language be removed from the draft settlement agreement because "keeping it will jeopardize our remaining [cause of action] v. Banner and potentially Vertullo."

¶6        Alin asked for a jury trial if the superior court did not outright deny Vertullo's motion to enforce. The superior court denied Vertullo's motion leaving open whether the release covered Vertullo and ordered a jury trial. After eleven days of trial, the jury found that Vertullo was an intended third-party beneficiary of the settlement agreement and covered by its release.

¶7        Alin moved for a new trial because an email was not disclosed before trial. That email was from a co-defendant's counsel who refused to disclose the settlement agreement to Vertullo, absent court order, because of its confidentiality clause. Alin claimed the email proved that even Vertullo's co-defendants did not see Vertullo as covered by the agreement. He argued the email was newly discovered evidence, which Vertullo improperly failed to disclose before trial.

¶8        The court denied Alin's motion, finding the email was irrelevant to the parties' intent because it was drafted and sent after the settlement agreement was signed. Alin timely appealed. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    Third-Party Beneficiary.

### A.    Jury Trial.

¶9        Alin argues the superior court erroneously tasked a jury to interpret the release because whether a third party is an intended beneficiary of a contract is always a question of law for the court. We disagree. The court acted properly when it sent the issue to the jury. The court here recognized the release was reasonably susceptible to more than one meaning, noting the tension between the plain language of the release and the extrinsic emails from Alin's attorney. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 158–59 (1993) ("Because interpretation was needed and because the extrinsic evidence established controversy over

what occurred and what inferences to draw from the events, the matter was properly submitted to the jury.").

### B.      Sufficiency of the Evidence.

**¶10**          Alin next argues the jury did not hear sufficient evidence to find that Vertullo was an intended third-party beneficiary under the settlement agreement's release.

**¶11**          When reviewing a jury verdict based on sufficiency of the evidence, we "resolve every conflict in the evidence and draw every reasonable inference in favor of the prevailing party." *St. Joseph's Hosp. & Med. Ctr. v. Rsrv. Life Ins. Co.*, 154 Ariz. 307, 312 (1987). "[I]f any substantial evidence could lead reasonable persons to find the ultimate facts sufficient to support the verdict, we will affirm the judgment." *Styles v. Ceranski*, 185 Ariz. 448, 450 (App. 1996).

**¶12**          The jury heard enough evidence to support its verdict. Most obvious, the jury received the plain language of the settlement agreement, which released the medical group defendants and "their agents, employees and contractors." Vertullo was an independent contractor. That is undisputed. The plain language of the agreement represents enough evidence to prove the elements of a third-party beneficiary claim. *See Nahom v. Blue Cross & Blue Shield of Ariz., Inc.*, 180 Ariz. 548, 552 (App. 1994) (holding that a third-party beneficiary may recover if they are indicated in the contract, the benefit must be intentional and direct, and appear the parties intended to recognize the third party). We recognize the jury heard substantial evidence that no third-party beneficiary was intended, but we will not revisit the jury's judgment on appeal because it also heard substantial evidence that Vertullo was an intended third-party beneficiary. *See Gonzales v. City of Phoenix*, 203 Ariz. 152, 153, ¶ 2 (2002) ("In reviewing a jury verdict, we view the evidence in the light most favorable to sustaining the verdict, and if any substantial evidence could lead reasonable persons to find the ultimate facts sufficient to support the verdict, we will affirm the judgment.").

## II.      Motion for New Trial.

**¶13**          Alin's final argument is about the undisclosed email from a co-defendant's attorney who was reluctant to disclose the settlement agreement to Vertullo because of its confidentiality clause. Alin contends a new trial should have been ordered given this new evidence.

**¶14** We review the denial of a motion for new trial for abuse of discretion, viewing the facts in the light most favorable to upholding the ruling. *State Farm Fire & Cas. Co. v. Brown*, 183 Ariz. 518, 521 (App. 1995).

**¶15** The superior court may order a new trial based on "misconduct of the . . . prevailing party" or "newly discovered material evidence that could not have been discovered and produced at the trial with reasonable diligence." Ariz. R. Civ. P. 59(a)(1)(B), (D). "A new trial will be granted only for a cause materially affecting the rights" of the movant. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 454 (1982) (citation omitted) (citation modified). Any misconduct must have "actually influenced the verdict," *Leavy v. Parsell*, 188 Ariz. 69, 72 (1997), or the newly discovered evidence "would probably change the result of the litigation," *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 212 (App. 1990) (citation omitted).

**¶16** The superior court here denied a new trial because the email was sent *after* the settlement agreement was reached and was therefore not relevant to the parties' intentions when they entered the agreement. We discern no error because this evidence would not probably have changed the outcome of trial. *See Ring v. Taylor*, 141 Ariz. 56, 61 (App. 1984) (the superior court is in the best position to determine whether conduct influenced the judgment).

## III.   Cross-Appeal re Attorneys Fees.

**¶17** Vertullo cross-appealed the superior court's denial of his request for attorney fees, but he never raised or developed that argument in his answering brief, so it is waived. *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996).

## CONCLUSION

**¶18** We affirm. Vertullo is awarded his costs on appeal as the prevailing party once he complies with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

5